Michele Haydel Gehrke (SBN 215647)
Email: mgehrke@reedsmith.com
Brandon Nhan (SBN 335573)
Email: bnhan@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
UNITED AIRLINES, INC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARBY QUEZADA, and individual; DAWN TODD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a corporation; and DOES 1-50,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>Los Angeles Superior Court<br>Case No.: 23STCV26112<br>State Action Filed: October 25, 2023 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE CLERK OF COURT, AND PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. ("United" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiffs Darby Quezada and Dawn Todd ("Plaintiffs") and filed with the Clerk of

– 1 –
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

the California Superior Court for the County of Los Angeles, as an exhibit to a Notice to State Court of Removal to Federal Court.

## I.   PROCEDURAL HISTORY

1. On October 25, 2023, Plaintiffs filed this action against Defendant in the Superior Court for the County of Los Angeles, in the case captioned, *Quezada et. al v. United Airlines, Inc. et al.*, Case No. 23STCV26112 (the "State Court Action"). In the State Court Action, Plaintiffs allege several causes of action based on California's Fair Employment Housing Act ("FEHA") including (1) racial harassment; (2) race discrimination; (3) national origin harassment; (4) national origin discrimination; (5) religious harassment; (6) religious discrimination; (7) age discrimination; as well as (8) negligent supervision, hiring, and retention; (9) failure to take all reasonable steps to prevent harassment, discrimination, and retaliation; (10) retaliation; and (11) intentional infliction of emotional distress ("IIED"). *See generally* Complaint ("Complaint").

2. United was served with a copy of the Summon and Complaint on October 30, 2023 through its agent for service of process. *See* Declaration of Michele Haydel Gehrke ("Gehrke Decl.") at ¶ 2. A true and correct copy of the Complaint is filed with this Notice of Removal and constitute all processes, pleadings, and orders purported to be filed or served on Defendant in this action. *See* Gehrke Decl. at ¶ 3-4 and **Exhibits A-J**. In addition, a copy of the Notice to State Court of Removal to Federal Court is attached (without exhibits) to the Gehrke Decl. at ¶ 4 and **Exhibit K.**

## II.   JOINDER

3. Generally, all defendants must join in or consent to removal proceedings. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (*citing Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (*overruled on other grounds by Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir. 1988)). Because there are no other ascertainable defendants in this action, no joinder or consent to removal is necessary.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### III. VENUE

4. The State Court Action is being removed from the Superior Court of the State of California, County of Los Angeles. *See generally* Complaint. As such, venue lies in the Central District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

### IV. TIMELINESS OF REMOVAL

5. This Notice of Removal is timely because Defendant has removed within 30 days of service. 28 U.S.C. § 1446(b).

### V. BASES FOR REMOVAL

6. This Court has original jurisdiction under 28 U.S.C. § 1332 pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), and because Plaintiffs and Defendant are diverse.

### VI. DIVERSITY JURISDICTION

7. "[F]ederal removal jurisdiction on the basis of diversity … is determined … as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Courts disregard fictitious "DOE" when evaluating diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal."). For reasons set forth below, complete diversity of citizenship exists here because Plaintiffs and Defendant are citizens of different states.

**A. Plaintiff's Citizenship**

8. A natural person's citizenship is determined by his state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lopez v. Nationstar Mortgage LLC*, 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015) ("In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes."). Allegations as to citizenship are sufficient to support

removal. *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019).

9. Here, Plaintiff Darby Quezada alleges that she is a California resident that is, and at all relevant times was, residing in the County of Orange in California. Complaint at ¶ 1. Plaintiff Dawn Todd alleges that she is a California resident, and at all relevant times was, residing in the County of Los Angeles in California. Complaint at ¶ 2. Consequently, Plaintiffs are domiciled in California.

### B. United's Citizenship

10. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

11. United is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois under the "nerve center" test. Declaration of Dorota Karpierz ("Karpierz Decl.") at ¶ 2; *see Khouri v. United Airlines*, 23 Fed. Appx. 318, 320 (9th Cir. 2002).

### C. Amount in Controversy Exceeds $75,000

12. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain an evidentiary submission. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 96 (2014). When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiffs will prevail on all of their claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume . . . a jury will return a verdict for the plaintiff on all claims made in the [complaint]"). Defendant only

needs to show by a preponderance of the evidence that Plaintiffs' claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

13.  Here, the Court can reasonably ascertain from Plaintiffs' Complaint and prayer for relief that the amount in controversy exceeds $75,000. Plaintiffs allege they were wrongfully removed from and/or "demoted" in connection with Defendant's sports charter "Inflight Charter Program" program. *See generally* Complaint. They also bring various FEHA related claims for discrimination, harassment, retaliation, failure to prevent harassment, and IIED. *Id.* Plaintiffs' Complaint seeks general damages (i.e., emotional distress) including past and future earnings as well as employment benefits, specific damages, punitive and exemplary damages, interest on Plaintiff's alleged damages, costs and attorneys' fees, and for the costs of the suit incurred. *See id.*, Relief Requested ¶¶ 1-6. Courts include each of these categories of damages in evaluating the amount in controversy. *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Ramirez*, 2018 WL 5816107, *10 (court includes benefits in evaluating amount in controversy); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the [complaint].").

14.  **Lost Wages.** Plaintiffs' damages include "past and future wages and employment benefits." Complaint, Relief Requested ¶ 1. In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually recover them." *Tipton v. Airport Terminal Servs., Inc.*, 2019 WL 185687, *9, (C.D. Cal. Jan. 14, 2019); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). In evaluating the appropriate period of time for calculating future wages, "sixteen months from the date of removal is [] appropriate[.]" *Tipton*, 2019 WL 185687, *8; *see also Fisher v. HNTB Corp.*, 2018

– 5 –
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

WL 6323077, *5 (C.D. Cal. Dec. 3, 2018) ("Defendants' proposed date of trial for purposes of [removal] – one year from the date of removal – is a conservative estimate of the trial date.").

15.  As alleged, Plaintiffs were both employed at all relevant times as Flight Attendants at United. Complaint at ¶¶ 20-21. Plaintiff Quezada alleges that she had been working as a Flight Attendant at United for over 16 years and Plaintiff Todd for over 17 years. *Id.* Plaintiffs both successfully interviewed and were accepted into the "dedicated crew" for the Dodgers as part of Defendant's Inflight Charter Program on or about 2021 or 2022. *Id.* at ¶ 26. For the 2023 MLB season, Plaintiffs allege that they were "demoted" from the dedicated crew to a lower place on the crew list thereby denying them the opportunity to work charter flights despite making themselves available. *Id.* at ¶ 32. For Plaintiff Quezada, she alleges she was removed from the dedicated crew altogether on August 18, 2023. *Id.* at ¶ 37. Consequently, as alleged, Plaintiffs did not receive the compensation for all available charter flights for the Dodgers in 2023. Plaintiffs allege that these charter flights that they were unable to work were generally more profitable and lucrative with respect to standard pay for non-charter flights. Complaint at ¶ 22. Given the number of flights and routes that United had chartered for the Dodgers in 2023, United estimates that Plaintiffs would have received more compensation had they worked all the charter flights available in the relevant time period.[1] Based on Plaintiffs' seniority and the charter flights for 2023, this comes out to be a total value of **$26,973** in lost wages for each Plaintiff.[2] Karpierz

---

[1] For purposes of the jurisdictional analysis, United assumes Plaintiffs were available and capable of flying these charter flights. There are Federal Aviation Administration regulations and contractual requirements under the collective bargaining agreement applicable to Plaintiffs' employment, however, that may prevent a flight attendant from working a particular flight due to not satisfying certain required rest and scheduling requirements. Delving into the details and particulars is not necessary for purposes of this analysis, as Plaintiffs implicitly alleged in the Complaint that they were available and could have flown these trips had they been not purportedly been demoted or removed from the Charter Program. *See e.g.*, Complaint at ¶ 36; 38.

[2] Defendant flew approximately 36 charter flights for the Dodgers in 2023. The average compensation for these flights was $749.25. Thus, each Plaintiff would have

Decl. at ¶ 6.

16. Plaintiffs seek future damages or front pay. Front pay awards in California may span several years. *See e.g. Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). As applicable here, front pay would include the differential in charter flight pay, calculated similarly above. Plaintiffs allege that they joined the crew no later than 2022 (Plaintiff Quezada joined in 2021, Plaintiff Todd joined in 2022). *See* Complaint at ¶ 26; *see also* Karpierz Decl. at ¶ 4. Presuming that there was a similar level of flying charters for the Dodgers in the future, and conservatively only accounting for lost future wages for 2024 and 2025 (i.e., 2 years), this comes out to be another total value of **$53,946** for each Plaintiff.[3] Karpierz Decl. at ¶ 6. Accordingly, each of Plaintiffs' lost wages as alleged, including back and front pay, total at least approximately **$80,919**. Assuming that Plaintiffs would have continued to be part of the Inflight Charter Program beyond 2025, this amount would be far greater. Suffice to say, even with Defendant's conservative estimate, the amount of lost wages at issue far exceeds the jurisdictional minimum. Even if front pay were excluded for whatever reason, the lost wages coupled with the fact that Plaintiffs each also allege emotional distress and punitive damage claims is sufficient to meet the jurisdiction minimum. *See Woods v. Hertz Corp.*, 2018 U.S. Dist. LEXIS 43759 (C.D. Cal. March 15, 2018) (holding that defendant's burden in establishing the minimum amount in controversy was met by alleging $22,272 in lost wages, coupled with plaintiff's emotional distress and punitive damage claims).

17. **Emotional Distress Damages.** Plaintiffs specifically allege an IIED claim and seek to recover emotional distress damages. Complaint ¶¶ 116, 123, 129, 131-135.

---

earned approximately $26,973 for the 2023 season had they flown all of these flights [$749.25 x 36], or $53,946 for both Plaintiffs. *See* Karpierz Decl. at ¶ 6.
[3] Assuming similar calculation as the above.

Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases. . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2018 WL 5816107, *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United denies that emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

18. **Punitive Damages.** Plaintiff also seeks punitive and exemplary damages. *See* Complaint, Relief Requested ¶ 3. Punitive damages are considered part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law"). More recent verdicts in employment cases are substantial and in excess of the $75,000 required for removal. *See, e.g., Lopez v. Morgan*, 2017 WL 7735350 (Cal. Sup. Ct. Nov. 15, 2017) (awarding $700,000 in punitive damages, $100,000 for emotional distress, and $538,000 in lost wages in breach of contract employment case); *Martell v. Thunder Studios Inc.*, 2019 WL 5446270 (Cal. Sup. Ct. June 13, 2019) (awarding approximately $1.7 million for emotional distress in employment and breach of contract case); *Woo v. Phillip Roman & Co.*, 2018 WL 7635471 (Cal. Sup. Ct. May 8, 2018) (awarding approximately $350,000 for breach of contract and wrongful termination and $400,000 for attorneys' fees); *Calleros v. U.S. Garment LLC*, 2019 WL (Cal. Sup. Ct. July 12, 2019) (awarding plaintiff $195,750 for breach of employment contract, $250,000 in punitive damages, and $477,125 in attorneys' fees). Defendant denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered and in of itself exceeds the amount of controversy requirement.

19.     **Attorneys' Fees and Costs.**  Moreover, Plaintiff seeks an award of attorneys' fees. *See* Complaint, Relief Requested ¶4. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794.  At least one California District Court "determined that an appropriate and conservative estimate for attorneys' fees in employment cases in this district may reasonably be expected to equal at least $30,000." *Ramirez*, 2018 WL 5816107, *10 ("includ[ing] $30,000 of attorneys' fees in the amount in controversy"). Defendant denies that any attorneys' fees should be awarded here; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered.

20.     While Defendant denies any liability in connection with Plaintiffs' claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a); *see Woods v. Hertz Corp.*, 2018 U.S. Dist. LEXIS 43759 (C.D. Cal. March 15, 2018).

## VII.  CONCLUSION

WHEREFORE, Defendant gives notice that the State Court Action pending against it in the Superior Court of the State of California for the County of Los Angeles is removed to this Court.

DATED:  November 28, 2023

REED SMITH LLP

By:  */s/ Michele Haydel Gehrke*
Michele Haydel Gehrke
Brandon Nhan
Attorneys for Defendants
UNITED AIRLINES, INC.